Filed 3/16/26  P. v. Herrera CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERTO HERRERA,<br><br>    Defendant and<br>    Appellant. | B345157<br><br>(Los Angeles County<br>Super. Ct. No. BA251578) |

APPEAL from a post-judgment order of the Superior Court of the County of Los Angeles, H. Clay Jacke II, Judge.  Affirmed.

Janyce Keiko Imata Blair, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review an order denying Roberto Herrera's petition for resentencing under Penal Code section 1172.6[1] at the prima facie stage. After reviewing Herrera's supplemental brief and the record of conviction, we affirm.

## PROCEDURAL BACKGROUND

**A.     Conviction, Sentencing, and Direct Appeal**

The following summary is drawn from the opinion in Herrera's direct appeal.[2] (*People v. Herrera* (Oct. 6, 2005, B177129) [nonpub. opn.] (*Herrera I*).) In 2004, a jury convicted Herrera of the first degree murder of Stevie Jones. (*Id.* at p. 2.) The jury found true the special allegations that he personally used and intentionally discharged a firearm, causing great bodily injury and death. (*Ibid.*; § 12022.53, subds. (b), (c), (d).) Herrera was sentenced to 61 years to life in prison. (*Ibid.*)

On direct appeal, Herrera raised only two claims of error, both pertaining to sentencing enhancements. (*Herrera I, supra.* at p. 3.) The People conceded the errors, and the appellate court modified the judgment by striking the enhancements. (*Id.* at p. 4.)

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     We rely on *Herrera I* only for the purpose of summarizing the case's background and to the extent it is part of the record of conviction. (See *People v. Lewis* (2021) 11 Cal.5th 952, 972 [direct appeal opinions "are generally considered to be part of the record of conviction"]; *Delgadillo, supra,* 14 Cal.5th at p. 222, fn. 2 [court relied on direct appeal opinion "for the purpose of summarizing the background" of the case but based its determination of entitlement to relief under section 1172.6 on its "independent review of the record of conviction"].)

**B.     Resentencing Petition**

In August 2024, Herrera filed a form petition for resentencing under section 1172.6.  He checked the boxes indicating (1) the information filed in his case "allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ;" (2) he was convicted of murder following a trial; and (3) he could not presently be convicted of murder or attempted murder "because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." The People filed a response attaching a copy of *Herrera I* and the jury instructions given at trial.  The People argued Herrera was ineligible for relief under section 1172.6 because the sole theory pursued at trial was that he was the actual shooter and killer of Jones.  Herrera's appointed counsel filed a reply that did not address the jury instructions or jury findings.

At a hearing in March 2025, the resentencing court found Herrera failed to make a prima facie showing of entitlement to relief under section 1172.6 and denied the petition.  Its review of the jury instructions revealed no instructions on felony murder, the natural and probable consequences doctrine, aiding and abetting, or any theory permitting the imputation of malice.

Herrera timely appealed.

## DISCUSSION

**A.     Governing Law**

"In Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), the Legislature significantly narrowed the scope of the felony-murder rule.  It also created a path to relief for defendants

3

who had previously been convicted of murder on a felony-murder theory but who could not have been convicted under the new law. Resentencing is available under the new law if the defendant neither killed nor intended to kill and was not 'a major participant in the underlying felony [who] acted with reckless indifference to human life, as described in subdivision of [Penal Code] Section 190.2.'" (*People v. Strong* (2022) 13 Cal.5th 698, 703; § 189, subd. (e)(3); § 1172.6.)

Under section 1172.6, the process for seeking retroactive relief begins with the filing of a petition containing a declaration that all requirements for eligibility are met, including that the petitioner could not presently be convicted of murder because of the 2019 changes to sections 188 or 189. (*People v. Krueger* (2025) 115 Cal.App.5th 431, 438.) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.'" (*Ibid.*, quoting § 1172.6, subd. (c).) "If the record demonstrates the jury necessarily found the petitioner guilty of murder under a still-valid theory . . . the petition fails at the prima facie stage, and the petitioner is ineligible for relief under section 1172.6 as a matter of law." (*Ibid.*)

## B. Herrera Was Ineligible for Relief Under Section 1172.6

After the resentencing court found Herrera ineligible for relief as a matter of law, his appointed appellate counsel filed a brief identifying no arguable issues on appeal and requesting we independently review the record pursuant to *Delgadillo*. Herrera was notified of his right to file a supplemental brief, and he filed

4

one.  When an appellant files a supplemental brief, we are "required to evaluate the specific arguments presented in" it. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

Turning to those arguments, Herrera raises issues relating to his trial and argues he was not the actual killer.  He contends he has "new evidence of a surveillance" that law enforcement withheld from his trial attorney and "could have proven that [he] was not the actual perpertrater" (*sic.*) but instead handed the gun to the real killer.

These arguments are beyond the scope of this appeal.  The filing "of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings. . . . 'The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' [Citation.]" (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)  Herrera therefore has failed to demonstrate error with respect to the trial court's ruling on his section 1172.6 petition.

In addition to rejecting the arguments raised in Herrera's supplemental brief, we have exercised our discretion to independently review the record.  Our review reveals no jury instructions on felony murder, the natural and probable consequences doctrine, aiding and abetting, or imputed malice. Absent these instructions, the jury was not given the option of finding Herrera guilty under an invalid theory.  (See *People v. Harden* (2022) 81 Cal.App.5th 45, 59–60 [denial at prima facie stage proper where the jury instructions and verdicts demonstrated the jury necessarily found the petitioner was the

actual killer]; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205 [petition properly denied at prima facie stage where jury was not instructed on any theory of liability for murder or attempted murder requiring malice to be imputed to defendant].)  Herrera's conviction as the actual killer and sole perpetrator is reflected in the jury's findings, which found he personally and intentionally discharged a handgun causing great and bodily injury and/or death.  No arguable issues exist.

### DISPOSITION

The resentencing court's order denying Herrera's section 1172.6 petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MORI, J.

We concur:


ZUKIN, P. J.


TAMZARIAN, J.